# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNA MARIA, WIFE OF, AND MARTIN PIZZOLATO | CIVIL ACTION |
| VERSUS | NO: 08-5099 |
| THE UNITED STATES OF AMERICA THROUGH THE ARMY CORPS OF ENGINEERS ET AL. | SECTION: "S" (1) |

## ORDER AND REASONS

The Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) filed by the United States of America based on lack of subject matter jurisdiction is hereby **GRANTED.**

## BACKGROUND

Plaintiffs filed suit under the Federal Torts Claims Act against the United States Corps of Engineers and others, claiming damages to their property which occurred during a construction project located near plaintiff's property. After filing suit, plaintiffs filed an administrative claim with the Corps, which is still pending. In this Fed. R. Civ. P. 12(b)(1) motion, the United States seeks dismissal of the suit, based on lack of subject matter jurisdiction.

**1. Standard of review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject-matter jurisdiction of a federal district court. A claim is properly dismissed for lack of subject-matter

jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. A federal court must dismiss an action whenever it appears that subject-matter jurisdiction is lacking. The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction.

**2. Applicable law**

The Federal Torts Claim Act provides a limited waiver of sovereign immunity for suits against the United States. The United States' waiver requires plaintiffs to file an administrative claim with the United States Army Corps of Engineers, and receive a written denial, or allow the passage of six months before filing suit in this court. 28 U.S.C. § 2675(a). Because suit was filed prior to a written denial of plaintiffs' claims, or the passage of six months from the filing, this court lacks subject matter jurisdiction.

Additionally, plaintiffs' request for a stay pending the ruling of the agency is not appropriate. In <u>Gregory v. Mitchell</u>[1] the Fifth Circuit held that "jurisdiction must exist at the time the complaint is filed" and a court "cannot hold the matter in abeyance pending prosecution of the administrative remedy, because where the court does not have jurisdiction, it cannot retain jurisdiction."

---

[1] 634 F.2d 199,(5th Cir. 1981)

The claims against the United States are dismissed, without prejudice to being refiled upon the denial of plaintiffs' claim by the agency, or the passage of six months from the filing of the administrative claim.

New Orleans, Louisiana, this  2nd  day of June, 2009.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**