UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANA MARIA, WIFE OF, AND MARTIN PIZZOLATO | CIVIL ACTION |
| VERSUS | NO: 08-5099 c/w 085129 |
| THE UNITED STATES OF AMERICA THROUGH THE ARMY CORPS OF ENGINEERS, ET AL. | SECTION: "S" (1) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(1) for Lack of Jurisdiction (Doc. #29, Civil Action 08-5099), filed by Jefferson Parish is **GRANTED**.

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. #30, Civil Action 08-5129), filed by Jefferson Parish is **GRANTED**.

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 28, Civil Action 08-5099 & 08-5129) is hereby **DISMISSED AS MOOT**.

## I. BACKGROUND

On December 8, 2008, plaintiffs, Anna Maria and Martin Pizzolato filed suit in this court under the Federal Tort Claims Act against the United States by and through the Army Corps of Engineers and others, claiming damages to their property which occurred during a construction project located near plaintiffs' property. (Doc. # 1, Civil Action 08-5099). That same day, plaintiffs brought an identical action against the same defendants in the 24th Judicial District Court for the

Parish of Jefferson, State of Louisiana. (Doc. #1, Civil Action 08-5129). On December 12, 2008, the United States removed the state court action and it was subsequently consolidated with the original federal action. (Docs. #1, #7, Civil Action 08-5129).

After filing their suits, plaintiffs filed an administrative claim with the Corps. (Doc. # 10, Civil Action 08-5099). As a result, this court granted the United States' Motion to Dismiss for lack of subject matter jurisdiction (Doc. #7, Civil Action 08-5099) brought under Rule 12(b)(1), without prejudice to plaintiffs' refiling "upon denial of plaintiffs' claim by the agency, or the passage of six months from the filing of the administrative claim." (Doc. # 10, Civil Action 08-5099). In that same order, the court also declined to stay the matter pending the agency ruling. Id.

On June 17, 2009, plaintiffs filed their First Amended Complaint. (Doc. #14, Civil Action 08-5099). In their First Amended Complaint, plaintiffs renamed the United States as a defendant, alleging that more than one-hundred-eighty (180) days had elapsed since they made a claim to the agency with no response. Id. Then, on July 29, 2009, plaintiffs filed their Second Amended Complaint, which added additional defendants. (Doc. #22, Civil Action 08-5099).

## II. ANALYSIS

1. **Jefferson Parish's Motion to Dismiss and Motion to Remand**

Jefferson Parish filed a motion to dismiss Civil Action 08-5099 pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and a motion to remand Civil Action 08-5129. (Docs. #29, #30). In both motions, Jefferson Parish argues that, because this court previously dismissed the United States for lack of subject matter jurisdiction, subsequent amendments to the complaint could

2

not confer jurisdiction. Jefferson Parish contends that Civil Action 08-5099 should be dismissed, and that Civil Action 08-5129 should be remanded, because this court lacks subject matter jurisdiction over both actions.

Plaintiffs argue that they properly renamed the United States in their amended complaints (Docs. #35, #36, Civil Action 08-5099) because their two motions for leave to file amended complaints were not opposed. Id. Plaintiffs argue that Jefferson Parish's failure to object to their amended complaints estopps Jefferson Parish from bringing its motions based upon this court's original dismissal of the United States.

The federal courts are courts of limited jurisdiction. Kokkoen v. Guardian Life Ins. Co., 114 S.Ct. 1673, 1675 (1994). Their power must be authorized by the Constitution or a statute and cannot be expanded by judicial decree. Id. (citing Willy v. Coastal Corp., 112 S.Ct. 1076, 1080 (1992); Bender v. Williamsport Area School Dist., 106 S.Ct. 1326, 1331 (1986); Am. Fire & Cas. Co. v. Finn, 71 S.Ct. 534 (1951)). Thus, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citing Turner v. Bank of N. Am., 1 U.S. (4 Dall.) 8, 11 (1799); McNutt v. Gen. Motors Acceptance Corp., 56 S.Ct. 780, 782 (1936)). Moreover, lack of subject matter jurisdiction can be raised at any stage of the proceedings and subject matter jurisdiction cannot be conferred or destroyed by the parties' agreement or waiver. Kontrick v. Ryan, 124 S.Ct. 906, 915 (2004); Buchner v. FDIC, 981 F.2d 816, 821 (5th Cir. 1993).

Here, this court lacked subject matter jurisdiction over the original complaint. As stated in the court's Order and Reasons of June 2, 2009, because the suit was filed prior to a written denial of plaintiffs' claims by the agency, or the passage of six months from the filing of such claims with the agency, the court lacked subject matter jurisdiction over plaintiffs' claims against the United States. (Doc. # 10, Civil Action 08-5099). This court dismissed the United States for lack of subject matter jurisdiction because this court did not have original jurisdiction over the complaint. Amending the complaint to allege facts which arose after the filing of the original complaint cannot confer jurisdiction on the court. See In re: Katrina Canal Breaches Litigation, 2009 WL 2391572, *2 (5th Cir. August 4, 2009). An amended complaint filed after administrative agency exhaustion cannot cure a defect in subject matter jurisdiction that existed when the case was first filed, even if the federal defendant was named in the original premature complaint. Sparrow v. U. S. Postal Serv., 825 F.Supp. 252, 255 (E.D.Ca. 1993); see also Hoffenberg v. Provost, 154 F.Appx. 307, 310 (3rd Cir. 2005). As a result, plaintiffs' amended complaints cannot be used as a basis for subject matter jurisdiction.

In a civil action over which the federal court has original jurisdiction, the court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West 2009). If a claim is dismissed for lack of subject matter jurisdiction, the federal court has no discretion to retain supplemental jurisdiction over the plaintiff's state law claims. Scott v. Pasadena Unified School Dist., 306 F.3d 646, 664 (9th

Cir. 2002)). Indeed, if a plaintiff's federal claims are dismissed for failure to state a claim under Rule 12(b)(1), exercising jurisdiction would "violate Article III of the Constitution, because the original federal claim would not have 'substance sufficient to confer subject matter jurisdiction upon the court.'" Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1224, 1225 (6 Cir. 1996) (quoting United Marine Workers v. Gibbs, 86 S.Ct. 1130 (1966)). Thus, because this court lacked original jurisdiction, it cannot exercise supplemental jurisdiction over plaintiffs state law claims.

Thus, Jefferson Parish's motion to dismiss Civil Action 08-5099 is **GRANTED**. Also, Jefferson Parish's motion to remand Civil Action 08-5129 is **GRANTED**. However, plaintiffs are not precluded from filing a new federal action, alleging proper jurisdictional grounds.

**2.    The United States' Motion to Dismiss**

Because the cases are dismissed and remanded, the United States' Motion to Dismiss is **DISMISSED AS MOOT**.

### III.    CONCLUSION

For the reasons stated above, the Motion to Dismiss Pursuant to FRCP 12(b)(1) for Lack of Jurisdiction, filed by Jefferson Parish in Civil Action 08-5099 (Doc. #29), is hereby **GRANTED**. Civil Action 08-5099 is hereby dismissed.

The Motion to Remand, filed by Jefferson Parish in Civil Action 08-5129 (Doc. #30), is hereby **GRANTED**. The case is remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

The United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 28, Civil Action 08-5099 & 08-5129) is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, this __1st__ day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**